**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1485**

WILLIAM R. SCHERER; ANNE SCHERER,

Plaintiffs - Appellants,

v.

STEEL CREEK PROPERTY OWNERS ASSOCIATION; PAUL IOOSS,

Defendants - Appellees,

and

STEPHEN IOOSS,

Defendant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:13-cv-00121-MR-DLH)

Submitted: February 7, 2017          Decided: March 29, 2017

Before NIEMEYER, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James M. Kimzey, Candace A. Mance, CONRAD & SCHERER, LLP, Brevard, North Carolina, for Appellants. Jeffrey S. Bolster, J. Wriley McKeown, BOLSTER ROGERS & MCKEOWN, LLP, Charlotte, North Carolina; Paul E. Culpepper, YOUNG, MORPHIS, BACH & TAYLOR, L.L.P., Hickory, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William R. Scherer and Anne Scherer appeal the decision of the district court in this diversity action raising various claims pursuant to North Carolina law. The claims related to property the Scherers purchased in the Steel Creek development of Transylvania County, North Carolina. The property was subject to thirteen protective covenants ("the Covenants"), compliance with which was overseen by Steel Creek Property Owners Association ("the POA"). As relevant here, the Covenants established rules for new construction and for road maintenance fees.

Based on interactions with the POA over development of buildings and roads to be part of a horse farm the Scherers were developing on their Steel Creek property and on disputes over assessments by the POA for the Scherers' lots, the Scherers filed this suit against the POA and two of its officers.[1] The complaint alleged, as relevant here, several violations of the North Carolina Debt Collection Act, N.C. Gen. Stat. §§ 75-50 to -56 (2015) (NCDCA), and sought declaratory relief and attorney's fees. Following discovery, the POA and the Scherers cross-moved

---

[1] The Scherers do not challenge the district court's dismissal of the single claim against Paul Iooss—one of the POA's officers. The other officer, Stephen Iooss, is not a party to this appeal.

3

for summary judgment. The district court found the retroactive assessments imposed on the Scherers to be proper but held that the POA had overstated the rate of interest. Accordingly, the court awarded the Scherers a rebate of the overcharged interest. The court denied all requests for declaratory relief and declined to enter a fee award for either side. The Scherers timely appealed.

## I. NCDCA Claims

We review a district court's grant of summary judgment de novo, "viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." Smith v. Gilchrist, 749 F.3d 302, 307 (4th Cir. 2014) (internal quotation marks omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The elements of a claim for unfair debt collection practices under the NCDCA are spread between two statutes. First, a plaintiff must establish (1) the existence of a debt, (2) owed by a consumer, and (3) attempted to be collected by a debt collector. Reid v. Ayers, 531 S.E.2d 231, 233 (N.C. Ct. App. 2000); see N.C. Gen. Stat. § 75-50(1)-(3) (2015) (defining terms). Second, a plaintiff "must satisfy the more generalized

4

requirements of all unfair or deceptive trade practice claims,"
Reid, 531 S.E.2d at 234, namely, "that [(4)] the defendants committed an unfair or deceptive act or practice, or an unfair method of competition, [(5)] in or affecting commerce, [(6)] which proximately caused actual injury to the plaintiff[] or to the plaintiff['s] business," Walker v. Sloan, 529 S.E.2d 236, 243 (N.C. Ct. App. 2000); see N.C. Gen. Stat. § 75-1.1 (2015).[2] The Scherers sought recovery under the NCDCA for the POA's allegedly illegal demands for retroactive assessments of road maintenance fees and interest, improper threats of liens and attorney's fees, and harassing dunning letters. Four of the Scherers' five NCDCA arguments are predicated on the contention that the POA sought assessments to which it was not entitled. Before the district court, the Scherers contended that equitable estoppel and the doctrine of accord and satisfaction precluded the POA from imposing retroactive assessments. On appeal, the Scherers make no mention of these arguments, instead claiming that the POA cannot recover retroactive assessments based on the doctrine of quasi-estoppel.[3] Because each of these arguments

---

[2] With respect to the fourth element, nonexhaustive lists of qualifying unfair or deceptive acts or practices are enumerated in N.C. Gen. Stat. §§ 75-51 to -55 (2015).

[3] These two types of estoppel have different elements and are thus distinct claims. Compare Countrywide Home Loans, Inc. v. Bank One, N.A., 661 S.E.2d 259, 262-63 (N.C. Ct. App. (Continued)

5

either has been abandoned or is raised for the first time on appeal, these four NCDCA claims necessarily fail. See In re Under Seal, 749 F.3d 276, 289-91 (4th Cir. 2014) ("[T]he failure to first present claims to the district court generally forecloses our consideration of [such] matters on appeal." (internal quotation marks omitted)); Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 377 (4th Cir. 2012) ("A party's failure to raise or discuss an issue in his brief is to be deemed an abandonment of that issue." (internal quotation marks omitted)).

As to their remaining NCDCA claim, the Scherers asserted that the POA incorrectly stated in a 2013 letter that the assessments were past due and had accrued interest. Even assuming this to be true, such conduct does not fall within § 75-54(4)'s proscription on falsely representing the character of a debt, in our view. Thus, we conclude that the district court properly dismissed this claim.

## II. Declaratory Relief

We review for abuse of discretion a district court's decision not to entertain a claim for declaratory relief.

---

2008) (defining equitable estoppel), with Shell Island Homeowners Ass'n, Inc. v. Tomlinson, 517 S.E.2d 406, 413 (N.C. Ct. App. 1999) (defining quasi-estoppel).

Ellis v. La.-Pac. Corp., 699 F.3d 778, 788 (4th Cir. 2012). Declaratory relief may be granted only where there is an actual controversy under Article III of the Constitution. Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., 386 F.3d 581, 592 (4th Cir. 2004). To determine whether an actual controversy exists, courts look to "whether the conflicting contentions of the parties present a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract." Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979) (ellipsis and internal quotation marks omitted).

The Scherers argue that the district court abused its discretion in declining (1) to declare that the POA cannot prevent their development of a horse farm,[4] (2) to define the terms "improved" and "vacant" under the Covenants, as related to the rate of fees due on each of their lots, and (3) to declare the "harmony of design" provision in the Covenants to be arbitrary and unenforceable.

The district court found the first request moot because the POA had conceded in its opposition to the Scherers' motion for

---

[4] The Scherers styled this request as a freestanding cause of action for equitable estoppel. However, the substance of this claim clearly relates to the declaratory relief sought in their complaint.

7

summary judgment that it did not challenge the Scherers' right to build a horse farm on their property or oppose the plans submitted and the development to date. The Scherers made no arguments below concerning the continued viability of this claim. For the first time on appeal, the Scherers argue that the voluntary cessation exception to the mootness doctrine keeps this controversy alive. See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 189 (2000). Because this argument was not presented to the district court, it is not properly before us. See In re Under Seal, 749 F.3d at 290.

Similarly, the Scherers' complaint did not ask the court to define the terms "improved" and "vacant," nor did the Scherers seek this relief at the summary judgment stage. The Scherers also failed to include their harmony of design claim in their complaint. See Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 617 (4th Cir. 2009) ("[A] plaintiff may not raise new claims after discovery has begun without amending his complaint."). We therefore decline to review these claims on appeal.

## III. Attorney's Fees

We review fee award determinations for abuse of discretion. Jones v. Southpeak Interactive Corp. of Delaware, 777 F.3d 658, 675 (4th Cir. 2015). Noting that the POA was successful on most of the Scherers' claims, but that the Scherers prevailed on the

8

calculation of interest, the district court declined to award attorney's fees to either side. We find this to be an appropriate exercise of discretion.

## IV. Conclusion

Accordingly, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED